UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DREAMSCAPES LANDSCAPE & DESIGN, LLC,

          Plaintiff,

v.

BELL'S MACHINE SHOP LTD,

          Defendant.

CASE NO. C21-5159 RJB

ORDER

This matter comes before the Court on Defendant Eastonmade Manufacturing, Inc.'s[1] Motion to Dismiss, Dkt. 12. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and grants in part and denies in part the motion for the reasons stated below.

---

[1] Dreamscapes initiated this lawsuit against "Bell's Machine Shop Ltd. d/b/a Bell's Machining." *See* Dkt. 1-2. Defendant clarified in its first motion to dismiss that its proper name was 2134828 Ontario Ltd., d/b/a Bell's Machining, and that there was no such entity called "Bell's Machine Shop Ltd." Dkt. 3 at 5 n.1. Defendant recently submitted a notice of name change indicating that 2134828 Ontario Ltd., d/b/a/ Bell's Machining has changed its name to Eastonmade Manufacturing Inc. Dkt. 17. For clarity going forward, the Court refers to Defendant as "Eastonmade" in this Order.

ORDER - 1

# I. BACKGROUND

Plaintiff alleges the following facts in the pleadings filed. Eastonmade is a Canadian corporation that manufactures and sells firewood processing machines. Dkt. 11, ¶ 2.1. Plaintiff Dreamscapes Landscaping and Design, LLC is a Washington company that agreed to purchase an 8000 Series Circular Saw Firewood Processor from Eastonmade in May 2020 for $161,300. *Id.* ¶ 2.1. The Parties executed a Sales Invoice reflecting their agreement. Dkt. 11 at 11. Dreamscapes paid Eastonmade an $18,000 deposit on May 28, 2020 and alleges that Eastonmade agreed to deliver the product in eight-to-ten weeks. *Id.* ¶ 2.3. Eastonmade issued a sales invoice on August 26, 2020, *see id.*, Ex. A, and Dreamscapes paid Eastonmade an additional $130,000 on September 2, 2020. *Id.* ¶ 2.4. The sales invoice does not list a shipping date or due date. *Id.*, Ex. A. Eastonmade delivered the processor to Dreamscapes on September 10, 2020—about 15 weeks after Dreamscapes first paid the $18,000 deposit and about 1 week after Dreamscapes made the $130,000 payment. *Id.* ¶ 2.5. Dreamscapes alleges that at that time the parties were working on a payment plan for the remainder due. *Id.*

About a month later, on October 14, 2020, Eastonmade informed Dreamscapes that the processor needed to be returned to the United States–Canada border by noon the following day due to import issues identified by the United States Customs and Border Protection Agency ("CBP"). *Id.* ¶ 2.6; *see also id.*, Ex. B. Eastonmade agreed to reduce the amount still owing on the processor by $10,000 to account for the costs Dreamscapes would incur by decommissioning and delivering the processor. Dkt. 11, ¶ 2.7. Dreamscapes delivered the processor back to the border on October 15, 2020, as requested. *Id.* ¶ 2.8. In the meantime, Eastonmade provided Dreamscapes a temporary replacement processor, but the processor was unusable because it required repairs and was missing parts. *Id.* ¶ 2.9.

Dreamscapes alleges that Eastonmade's owner, Brent Easton, indicated on November 23, 2020 that the processor would be redelivered to Dreamscapes within seven to ten business days. As of August 2021, when Dreamscapes responded to the instant motion, Eastonmade still had not delivered the processor, provided an updated timeline for its delivery, or refunded the money Dreamscapes paid. *See* Dkt. 15. Dreamscapes also claims that it was informed by CBP that the processor does not meet United States National Highway Traffic Safety Association ("NHTSA") requirements and that it cannot be imported until Eastonmade satisfies those requirements. Dkt. 11, ¶ 2.11.

Dreamscapes sued in March 2021, asserting Eastonmade breached their contract, breached express and implied warranties, and violated the Washington Consumer Protection Act ("CPA"). Dkt. 1-2.  Eastonmade moved to dismiss in March 2021, Dkt. 3, and the Court granted that motion, Dkt. 10, holding that Dreamscapes failed to state a claim upon which relief could be granted, but granted Dreamscapes leave to amend. Specifically, the Court held that Dreamscapes failed to allege facts that it had satisfied its own obligations under the contract, failed to identify the contract provisions Eastonmade breached, and failed to identify any warranties Eastonmade breached. Dkt. 10. Dreamscapes amended its complaint, dropping the CPA claims, and adding facts and allegations regarding its satisfaction of its own contractual obligations and Eastonmade's breaches. Dkt. 11.

Eastonmade now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Dreamscapes' amended complaint suffers from the same deficiencies as the original: failing to allege that Dreamscapes satisfied its own contractual obligations and failing to identify the provisions of the contract that were breached. Dkt. 12. Eastonmade also argues that there is no plausible breach of warranty claim because Dreamscapes does not challenge either the quality

or the title of the processor. *Id.* Dreamscapes argues that it has plausibly alleged that it satisfied its contractual obligations, that Eastonmade breached specific provisions of the contract, and that Eastonmade breached both express and implied warranties. Dkt. 15.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

### B.   Breach of Contract

Eastonmade argues that Dreamscapes failed to state a claim under Rule 12(b)(6) because Dreamscapes neither pled facts establishing that it performed all its obligations under the

contract, nor did it specify provisions of the contract Eastonmade allegedly breached. Dkt. 12 at 9–14. Dreamscapes argues that it meet all its obligations under the contract and that it was relieved of its duty to pay the full contract price because of Eastonmade's anticipatory repudiation. Dkt. 15 at 4–6. Dreamscapes also argues that it identified five specific ways in which Eastonmade breached the contract: "failing to deliver the Processor within eight to ten weeks following Dreamscapes' deposit payment;" "requiring return of the processor;" "failing to provide the Processor back to Dreamscapes within seven to ten business days as promised;" "failing to meet its verbal assurances of delivery;" and "refusing to refund the purchase price for the Processor." *Id.* at 4.

For a breach of contract claim, Dreamscapes must allege (1) the existence of a contract, (2) a material breach of that contract, and (3) resulting damage. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995). A breach of contract claim must allege that the conditions to the defendant's performance have been satisfied. *Kubix v. Intrexon, Inc.*, No. C11-0972, 2011 WL 13232587, at *1 (W.D. Wash. Sept. 22, 2011) (citing *Ross v. Harding*, 64 Wn.2d 231, 240–41 (1964)). It must also indicate which provisions of the contract were breached. *Elliott Bay Seafoods, Inc. v. Port of Seattle*, 124 Wn. App. 5, 12 (2004).

Dreamscapes alleges all three elements of a breach of contract claim by contending that there was a contract, Eastonmade breached that contract, and Dreamscapes has suffered damages. The instant motion centers instead on whether Dreamscapes plausibly alleges that the conditions to Eastonmade's performance were satisfied and whether Dreamscapes plausibly alleges which provisions of the contract were breached.  Dreamscapes meets both standards.

Eastonmade argues that Dreamscapes did not satisfy its obligations under the Contract because it never paid the full purchase price for the Processor.  Dkt. 12 at 10.  The Amended

Complaint, however, claims that Dreamscapes "satisfied all of its obligations under the Contract," Dkt. 11 at 6, and that the Parties modified the contract by reducing the purchase price and through Eastonmade's agreement to defer payment in full until the Processor was redelivered, *id.* at 4. Dreamscapes supports these claims with alleged facts, including that it paid a deposit of $18,000 and a second payment of $130,000 and that Eastonmade delivered the processor, at which point the parties were "working towards a payment plan for the remaining balance due." Dkt. 11 at 2–3. It is reasonable to infer based on these facts that the parties orally modified the contract to allow Dreamscapes to pay the remaining balance via a payment plan. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) (explaining that the court must draw reasonable inferences from the complaint in reviewing a motion to dismiss). Eastonmade making the initial Processor deliver without receiving payment in full supports this inference. It is also reasonable to infer that Dreamscapes could have satisfied its obligations through substantial performance by paying most of the purchase price such that Eastonmade could not willfully breach the contract by failing to deliver the purchased product. *See DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 179 Wn.App. 205, 221 (2014).

Dreamscapes also plausibly alleges that that Eastonmade breached the contract by failing to deliver the processor within ten weeks of Dreamscapes' deposit. Dreamscapes and Eastonmade made an oral agreement to this effect that was ultimately memorialized in an invoice (a confirmatory memorandum) sent by Eastonmade to Dreamscapes. While a confirmatory memorandum "may not be contradicted by evidence of any prior agreement," it may be supplemented by "course of performance, course of dealing or usage of trade" and by "evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement." RCW 62A.2-202.

Dreamscapes' allegation that the parties agreed on an eight to ten week delivery date is not contradicted by the blank shipping date and due date boxes on the invoice. It is plausible that the parties did agree on such a timeframe.

The provided facts, read in favor of Dreamscapes, also suggest that the contract was modified on October 15, 2020, when Dreamscapes agreed to return the processor to the border in exchange for a $10,000 reduction in purchase price. Eastonmade's argument that it is not required to return the processor to Dreamscapes because Dreamscapes has yet to pay the full amount due is likely defeated if the contract was modified. Without another agreement, payment is due upon delivery. RCW 62A.2-310(a). Thus, Dreamscapes would have no obligation to pay Eastonmade until the processor was re-delivered. Similarly, it is plausible that the parties agreed on a seven to ten business day timeframe. Absent an agreement, the default timeframe for shipment or delivery is a "reasonable" one. RCW 62A.2-309(1). It appears unreasonable to keep a mostly paid for product for over a year, especially without providing a usable replacement or a refund.

Eastonmade's arguments that it was not required to perform under the contract because of Dreamscapes' underpayment and that it did not breach the contract are unpersuasive at this time. Eastonmade previously delivered the processor despite the underpayment. Its reason for reclaiming the processor was import issues, not because of money owed. Furthermore, Eastonmade admits that it agreed to provide Dreamscapes the processor, that Dreamscapes paid most of the amount due for the processor, that Eastonmade required Dreamscapes to return the processor because of import issues, and that Eastonmade told Dreamscapes it would return the processor when the issue at the border had been resolved. Eastonmade also admits that it has

neither redelivered the processor, nor has it refunded Dreamscapes. Meanwhile, Dreamscapes has been without a functioning processor and repaying a loan for the processor it cannot use.

Dreamscaps will still need to meet its burden of proof moving forward. Nothing in this order should be construed as making a conclusion about a disputed issue of fact or about whether Eastonmade breached the contract. This order finds only that Dreamscapes plausibly pleads that Eastonmade could have based on the facts alleged. Therefore, Eastonmade's motion to dismiss Dreamscapes' breach of contract claim is DENIED.

C. **Breach of Express and Implied Warranties**

Dreamscapes argues that Eastonmade violated the warranty of title and against infringement pursuant to RCW 62A.2-312. Dkt. 11 at 6. Under that provision, a seller warrants that (1) title is good and transfer is rightful, and (2) the goods are free of any security interest, lien, or encumbrance that the buyer is unaware of. RCW 62A.2-312(1). Dreamscapes has not pled any facts suggesting there is any flaw in the processor's title. The processor's failure to satisfy NHTSA requirements is unrelated to title. There is no suggestion that any third party has any claim to the processor which would affect its title.

Dreamscapes next argues that Eastonmade violated the implied warranties of merchantability, usage of trade, and fitness for a particular purpose under RCW 62A.2-314 and 315. Dkt. 11 at 6. All of these warranties relate to the character and quality of the good. *See Letres v. Washington Co-Op Chick Ass'n*, 8 Wn.2d 64, 68 (1941) ("Generally speaking, a warranty is a statement or representation having reference to the character, quality, or title of the goods."). Courts have previously held that failure to comply with federal regulations can constitute a breach of these warranties. *See, e.g., Geo. Byers Sons, Inc. v. East Europe Import Export, Inc.*, 488 F. Supp. 574, 580 (D. Md. 1980). While Dreamscapes does not specify which NHTSA requirements are at issue here, the fact that the processor cannot be imported, apparently

because it is not fit for transport on roads in the United States, relates to the character and quality of the product. The machine may properly process firewood, it is not merchantable for the proffered usage if it is unusable in the United States.

Finally, Dreamscapes alleges that Eastonmade violated express warranties to deliver the processor within eight to ten weeks and to re-deliver the processor within seven to ten days. Dkt. 11 at 7. While these assurances may have formed contractual obligations, they do not amount to express warranties under RCW 62A.2-313, which contemplate whether the goods "conform" to the seller's affirmation, promise, description, sample, or model. Dreamscapes has not alleged that the goods did not conform, only that Eastonmade's deliveries were untimely.

Therefore, Eastonmade's motion is GRANTED as to Dreamscapes' express warranty claims and implied warranty of title claims and DENIED as to Dreamscapes' implied warranty of merchantability, trade usage, and fitness for particular purpose claims.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Eastonmade's Motion to Dismiss, Dkt. 12, is **GRANTED** as to Dreamscapes' express warranty claims and implied warranty of title claims and the motion is **DENIED** as to Dreamscapes' breach of contract claims and breach of implied warranties of merchantability, usage of trade, and fitness for a particular purpose claims.

Dated this 1st day of March, 2022.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge